IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BARBARA E. CUMERFORD, | ) | |
| | ) | 8:05CV513 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on plaintiff's complaint, Filing No. 1, requesting review of the final administrative decision of the defendant pursuant to § 216(i) and § 223 of the Social Security Act, Title 42, United States Code. Defendant has responded, Filing No. 5, asking the court to dismiss the complaint in accordance with 42 U.S.C. § 405(g) and affirm the decision of the defendant. Plaintiff applied for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq.* Plaintiff contends that defendant failed to give appropriate weight to her treating physician, failed to adequately assess her mental capacity, and failed to appropriately apply *Polaski v. Heckler*, 739 F.2d 1320 (8th Cir. 1984). The court has carefully reviewed the record, and in particular the transcript, Filing No. 6, the briefs of the parties, Filing Nos. 11 and 14, and the relevant case law. The court finds that the defendant should be reversed and benefits awarded.

**Legal Standard**

A disability is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 404.1505. A claimant is disabled when the claimant is "not only unable to do his previous work but cannot,

considering . . . his age, education and work experience, engage in any other kind of substantial gainful work which exists in [significant numbers in] the national economy . . . either in the region in which such individual lives or in several regions of the country." 42 U.S.C. § 423(d)(2)(A).

An administrative law judge (ALJ) evaluates a disability claim according to a five-step sequential analysis prescribed by Social Security regulations. The ALJ examines

> any current work activity, the severity of the claimant's impairments, the claimant's residual functional capacity and age, education and work experience. *See* 20 C.F.R. § 404.1520(a); *Braswell v. Heckler*, 733 F.2d 531, 533 (8th Cir. 1984). If a claimant suffers from an impairment that is included in the listing of presumptively disabling impairments (the Listings), or suffers from an impairment equal to such listed impairment, the claimant will be determined disabled without considering age, education, or work experience. *See Braswell*, 733 F.2d at 533. If the Commissioner finds that the claimant does not meet the Listings but is nevertheless unable to perform his or her past work, the burden of proof shifts to the Commissioner to prove, first, that the claimant retains the residual functional capacity to perform other kinds of work, and second, that other such work exists in substantial numbers in the national economy. *See Nevland v. Apfel*, 204 F.3d 853, 857 (8th Cir. 2000). A claimant's residual functional capacity is a medical question. *See id.* at 858.

*Singh v. Apfel*, 222 F.3d 448, 451 (8th Cir. 2000).

When reviewing the decision not to award disability benefits, the district court does not act as a fact-finder or substitute its judgment for the judgment of the ALJ or the Commissioner. *Bates v. Chater*, 54 F.3d 529, 532 (8th Cir. 1995). Rather, the district court will affirm the Commissioner's decision to deny benefits if it is supported by substantial evidence in the record as a whole. *Eback v. Chater*, 94 F.3d 410, 411 (8th Cir. 1996). Under this standard, substantial evidence means something "less than a preponderance" of the evidence, *Kelley v. Callahan*, 133 F.3d 583, 587 (8th Cir. 1998), but "more than a mere scintilla," *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *accord Ellison v. Sullivan*, 921 F.2d 816, 818 (8th Cir.1990). "Substantial evidence is that which a reasonable mind

would find as adequate to support the ALJ's decision." *Brown v. Chater*, 87 F.3d 963, 964 (8th Cir. 1996) (citing *Baumgarten v. Chater*, 75 F.3d 366, 368 (8th Cir. 1996)).

In determining whether the evidence in the record as a whole is substantial, the court must consider "evidence that detracts from the Commissioner's decision as well as evidence that supports it." *Warburton v. Apfel*, 188 F.3d 1047, 1050 (8th Cir. 1999). If the court finds that the record contains substantial evidence supporting the Commissioner's decision, the court may not reverse the decision because the record also contains substantial evidence that supports a different outcome or because the court would have decided the case differently. *Holley v. Massanari*, 253 F.3d 1088, 1091 (8th Cir. 2001).

**Facts**

Plaintiff has been involved in four car accidents over a period of years, which have left her with post-traumatic fibromyalgia, musculoskeletel problems, severe pain and depression. She received surgery on her shoulder, surgery on her hip, had well over 100 physical therapy treatments, and has leg and back pain, and continues to suffer from depression. She takes a number of medications for the pain and for the depression. Plaintiff was 46 years old when she filed her application for disability benefits on July 9, 2002. She alleged an onset date of May 15, 2002. Her claim was denied by the administrative law judge on June 3, 2004, and on September 21, 2005, and October 27, 2005, on appeal.

Plaintiff testified that she has a high school education and two years of college. She has a past work history as a tutor and mail handler. She spends a number of days and hours using a heating pad for her pain. She could walk about one mile and walked her dog each day in her yard. She testified that she did not do anything else for fun. She has

taken medication for years, and at times she takes medication that causes her to be unable to drive.

**ALJ Determination**

The administrative law judge determined that the plaintiff had not engaged in substantial gainful activity since she alleged she became disabled. The ALJ concluded that the plaintiff had severe impairments, including fibromyalgia, degenerative disc disease, seizures, depression, and anxiety. However, the ALJ also concluded that none of these impairments met or equal the Listing of Impairments, 20 C.F.R. part 404, Subpart P, Ap. 1. Tr. at 17, 20. The vocational expert testified as to the work available for plaintiff. The ALJ determined that plaintiff could lift over 10 pounds and would have some occasional postural limitations and seizure precautions would be needed. When reviewing her mental condition, the ALJ determined she would be limited to unskilled work and would need occasional supervision. The ALJ also determined that while the plaintiff could not perform her past relevant work, she could perform such work as an interviewer, assembler, administrative support worker, and hand packager. Tr. at 19 and 20.

The ALJ determined that the opinions of her treating physician, Dr. Richard Gold, deserved less weight, because Dr. Gold failed to note plaintiff's improvement after her most recent surgery. The ALJ found plaintiff not disabled within the meaning of the Social Security Act.

**Discussion**

*1. Treating Physician*

Error exists when an ALJ fails to consider or discuss a treating physician's opinion that a claimant is disabled when the record contains no contradictory medical opinion. *Hogan v. Apfel*, 239 F.3d 958, 961 (8th Cir. 2001). "[A] treating physician's opinion

4

regarding an applicant's impairment will be granted 'controlling weight,' provided the opinion is 'well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in the record.'" *Prosch v. Apfel*, 201 F.3d 1010, 1012-1013 (8th Cir. 2000) (*quoting* 20 C.F.R. § 404.1527(d)(2) (2006). The ALJ may discount or disregard such an opinion if other medical assessments are supported by superior medical evidence, or if the treating physician has offered inconsistent opinions. *Hogan v. Apfel*, 239 F.3d at 961.

Dr. Richard Gold, plaintiff's treating physician, indicates that in 1997 he noted posttraumatic fibromyalgia. This diagnosis was confirmed by Dr. William R. Palmer, a rheumatologist, in June 2002. Both Dr. Gold and Dr. David Jasper confirmed this diagnosis again in 2004. The ALJ found that plaintiff improved after the surgery she had in 2002, and thus he did not credit Dr. Gold's opinion.

The court has carefully reviewed the record in this regard. The court finds the treating physicians, over a number of years, have treated plaintiff for her convulsive,[1] skeletal, pain and depression issues. Plaintiff's testimony regarding her restrictions is credible and is supported by the findings of Dr. Gold. It is true that plaintiff initially had some improvement after her hip surgery. However, there is no evidence that plaintiff improved to the extent that she could handle a job of any kind in the work place for forty hours a week. On the contrary, the evidence showed that she still experienced serious mobility and extreme pain issues. The objective evidence is replete with evidence of a history of severe pain and lack of mobility for past years and after her most recent surgery. In addition, a few months after her most recent surgery, plaintiff's severe pain returned.

---

[1] Plaintiff saw Dr. Edward Shima in May 24, 2000, for seizure issues. He diagnosed her with convulsive disorder. This disorder seems controlled with medication.

The ALJ ignored this recurrence. The court finds there is not substantial evidence to support the ALJ's determination that Dr. Gold's opinions should be discounted. The ALJ should have given the opinions of Dr. Gold controlling weight. Dr. Gold's opinions support the plaintiff's claims of disability.

### 2. Mental Impairments and Subjective Complaints of Pain

"The determination of mental RFC is crucial to the evaluation of an individual's capacity to engage in substantial gainful work activity." 20 C.F.R. pt. 404, Subpt. P, App. 1, § 12.00A. Plaintiff argues that the ALJ erred in not considering her testimony regarding her subjective complaints. *See Polaski v. Heckler*, 739 F.2d 1320, 1321-22 (8th Cir. 1984). The ALJ viewed the complaints of depression as minimal. The ALJ relied on evidence in the record that plaintiff took care of her dogs and tried to take a walk each day. Dr. R. K. Brayman, a Social Security Administration reviewer, determined that plaintiff was only moderately limited because of her psychological issues. Such evidence does not support the ALJ's findings that plaintiff can engage in substantial gainful employment activity. *See Reed v. Barnhart*, 399 F.3d 917, 924 (8th Cir. 2005).

The ALJ, argues the plaintiff, gave no reasons why he viewed plaintiff's mental health issues differently than did the treating physicians. This court agrees. There is ample evidence in the record that plaintiff, probably as a result of her significant physical illnesses, suffered from depression and severe pain. The record substantiates much of plaintiff's testimony. She has been to hospitals, doctors and physical therapist offices in excess of 140 times since 1999. She has undergone surgeries, physical therapy, and has taken numerous medications for pain and depression. Dr. Jasper first prescribed Paxil for depression in January 1999. In August 2002, Dr. Caroline G. Sedlacek performed a psychological examination and diagnosed plaintiff with major depressive disorder and gave

her a Global Assessment of Functioning at 50 with a prognosis of poor to fair. During the August visit to Dr. Sedlacek, plaintiff reported that she had difficulty with memory, talked of being depressed for several days a week, not bathing for several days a week, not getting dressed, turning off the phone, locking the door, and staying in a dark room. Tr. at 280. The ALJ's decision to discount such allegations is not supported by the record as a whole.

### 3. Vocational Expert

To assist an ALJ making a disability determination, a vocational expert ("VE") is many times asked a hypothetical question to help the ALJ determine whether a sufficient number of jobs exist in the national economy that can be performed by a person with a similar RFC to the claimant. A hypothetical question is properly formulated if it incorporates impairments "supported by substantial evidence in the record and accepted as true by the ALJ." *Guilliams v. Barnhart*, 393 F.3d 798, 804 (8th Cir. 2005) (citing *Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001)). "[A] vocational expert's responses to hypothetical questions posed by an ALJ constitutes substantial evidence only where such questions precisely set forth all of the claimant's physical and mental impairments." *Wagoner v. Bowen*, 646 F. Supp. 1258, 1264 (W.D. Mo. 1986) (citing *McMillian v. Schweiker*, 697 F.2d 215, 221 (8th Cir. 1983)). Courts apply a harmless error analysis during judicial review of administrative decisions that are in part based on hypothetical questions. For judicial review of the denial of Social Security benefits, an error is harmless when the outcome of the case would be unchanged even if the error had not occurred. *See Brueggemann v. Barnhart*, 348 F.3d 689, 695 (8th Cir. 2003). Because a VE's testimony may be considered substantial evidence "only when the testimony is based on a correctly phrased hypothetical question that captures the concrete consequences of a

claimant's deficiencies," *Taylor v. Chater*, 118 F.3d 1274, 1278 (8th Cir. 1997) (*citing Porch v. Chater*, 115 F.3d 567, 572-73 (8th Cir. 1997), *and Pickney v. Chater*, 96 F.3d 294, 297 (8th Cir. 1996)), the court finds that the VE's testimony was not substantial evidence.

The ALJ relied on the vocational expert in support of his finding that there are ample jobs in the economy that can be performed by the plaintiff. The evidence in the record indicates that plaintiff has moderate to severe limitations in movement and often severe pain that accompanies her physical symptoms. Yet, the ALJ told the vocational expert to consider hypotheticals that included mild to moderate physical limitations and pain. The ALJ asked the vocational expert a series of questions. Tr. at 513-517. The VE concluded that the plaintiff could return to her previous employment as a cashier. However, upon cross-examination by counsel, the VE conceded that upon reviewing the records again, plaintiff had not worked full-time as a cashier, and thus these questions were stricken from the record. Tr. at 519. Counsel for the plaintiff then asked questions that included severe pain and attention, concentration and memory issues that are marked. The VE testified, that based on these assumptions, plaintiff could not return to her previous jobs nor were there any jobs in the economy she would be able to perform. Tr. at 520-522.

### *4. Conclusion*

The court finds there is not substantial evidence on the record as a whole to support the decision of the ALJ. The ALJ discounted the treating physician's findings on the basis that he did not take into account her recent surgery. When reviewing the record, however, that omission, if anything, is minor. The ALJ must determine if the plaintiff could work on a continuing basis, and that meant he had to adequately consider the opinion of her treating physicians, Dr. Gold, Dr. Jasper, Dr. Jay Parsow, Dr. William Palmer, Dr. Smith, Dr. Richard Belatti, and Dr. Sedlaceck. From a physical perspective plaintiff has had two

surgeries, received steroid injections, and has taken multiple medications for pain and depression. The evidence simply does not support the conclusion of the ALJ. Plaintiff's neck pain did improve somewhat after her most recent surgery. However, that surgery did not address her back or other pain. Also, several months after her surgery, plaintiff began to again feel an increase in pain. The ALJ isolated a couple of facts, e.g., walking, and made his decision on that basis and on the basis that she improved after the most recent surgery. That is not substantial evidence and it does not show the plaintiff has the ability to do activities on a daily basis nor does it mean she can be gainfully employed. *Cline v. Sullivan*, 939 F.2d 560, 565 (8th Cir. 1991); *see also Reed v. Barnhart*, 399 F.3d 917, 924 (8th Cir. 2005).[2] Additionally, the ALJ's reliance on the VE is misplaced. Half of the questions were based on a faulty premise. Also, the VE testified that if he considered all of plaintiff's objective symptoms and her subjective complaints, most of which are substantiated by the record, plaintiff would not be able to perform any jobs in the economy.

"[W]here the medical evidence in the record overwhelmingly supports a finding of disability, remand is unnecessary." *Gavin v. Heckler*, 811 F.2d 1195, 1201 (8th Cir. 1987); *see also Nalley v. Apfel*, 100 F. Supp. 2d 947, 954 (S.D. Ia. 2000). The court determines that the record overwhelmingly supports a finding of disability. Remand to take additional

---

[2]The court is further troubled by comments made by the ALJ when asked to hold the record open for an additional doctor's report. The ALJ stated:

> All right. The matter will remain open for 20 days for these records from Green. I want to know what this guy is, you know. I mean is he a witch doctor or did he just walk out of the desert and start doing this stuff, or is he an MD or is he–I mean I don't know what he is. For all I know, at this point, he may be a layman using a transformer from an electric train set.

Tr. at 522. He repeated this reference to the transformer again. Tr. at 523. It does not add to the credibility findings of the ALJ when statements such as these are contained in the record.

9

evidence in this case would only delay the receipt of benefits to which the plaintiff is entitled.

THEREFORE, IT IS ORDERED that the findings and conclusions of the ALJ are reversed and benefits are awarded.  This cause is remanded to the Commissioner for computation and payment of benefits.  A separate judgment shall be entered in conjunction with this Memorandum and Order.

DATED this 30th day of November, 2006.

BY THE COURT:

s/ Joseph F. Bataillon
Chief United States District Judge