IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BARBARA E. CUMERFORD,         )<br>                                                      )<br>              Plaintiff,              )<br>                                                      )<br>       V.                                         )<br>                                                      )<br>SOCIAL SECURITY ADMINISTRATION, )<br>                                                      )<br>              Defendant.          )<br>_____ ) | 8:05CV513<br><br>ORDER |

   This matter is before the court on Barbara E. Cumerford's ("plaintiff") motion for attorney fees, Filing No. 17, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412 (2007). The court previously entered an order and judgment reversing the Administrative Law Judge and finding the plaintiff eligible for disability benefits. Filing Nos. 15, 16. Thereafter, plaintiff filed this motion for attorney fees with accompanying exhibits. Filing Nos. 17. Plaintiff requests compensation for 28.1 hours of attorney time, for a total of $4,552.49. Plaintiff asks that the court award attorney fees to Thomas A. Krause for 26.10 hours of attorney time, and award Michael J. Haller, Jr., attorney fees for 2.0 hours of attorney time. Plaintiff's counsel calculated the hours expended and the Consumer Price Index to achieve an hourly rate of $162.01. Additionally, plaintiff also requests $250.00 from the Judgment Fund for reimbursement of the filing fee to Michael J. Haller, Jr. Plaintiff did not file a bill of costs with the court. The Social Security Administration ("defendant") filed a response stating that it did not contest the award of attorney fees in the amount of $4,552.49, or reimbursement of the $250 filing fee. Filing No. 18.

   The EAJA provides for the award of attorney fees if: (1) the person is a prevailing party; (2) the individual's net worth did not exceed two million dollars at the time the civil action was filed; and (3) the fees and expenses were "incurred by that party in [the] civil

action" in which it prevailed. 28 U.S.C. § 2412(d)(1)(A),(2)(B); *United States SEC v. Zahareas*, 374 F.3d 624, 630 (8th Cir. 2004). The court may award costs reimbursing the prevailing party for the costs incurred in a civil action against a United States agency. 28 U.S.C. § 2412 (2007). In order for claimants to qualify for EAJA attorney fees, the Commissioner's position must not have been substantially justified. *Goad v. Barnhart*, 398 F.3d 1021, 1025 (8th Cir. 2005); *Brouwers v. Bowen*, 823 F.2d 273, 275 (8th Cir. 1987). To establish substantial justification, the Commissioner must show the denial had a reasonable basis in law and fact. *Goad*, 398 F.3d at 1025; *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988). The Commissioner has the burden of proving that its position was substantially justified, or that special circumstances make an award of attorney fees and expenses unjust. *Koss v. Sullivan*, 982 F.2d 1226, 1228-29 (8th Cir. 1993); 28 U.S.C. § 2412(d)(1)(A).

After carefully reviewing the record and, in particular, the itemized amounts set forth in Filing No. 17, Attachment 3, the court concludes the reported 28.1 hours of work spent on this case is reasonable. Plaintiff's net worth did not exceed two million dollars at the time the action was filed, and there is no question that the fees sought were incurred in the same action in which plaintiff prevailed. As the court noted in its previous memorandum and order, the court found there was not substantial evidence to support the ALJ's determination that Dr. Gold's opinions should be discounted. Filing No. 15. Additionally, the court noted the vocational expert's testimony did not constitute substantial evidence, and the court concluded there was not substantial evidence on the record as a whole to support the ALJ's decision. Accordingly, the court concludes that the defendant was not substantially justified, plaintiff is a prevailing party, and an award of attorney fees in the

amount of $4,552.49, and reimbursement of costs in the amount of $250.00, is reasonable and warranted.

THEREFORE, IT IS ORDERED that plaintiff's motion for attorney fees, Filing No. 17, is granted.  Plaintiff is awarded attorney fees in the amount of $4,552.49, payable to Thomas A. Krause in the amount of $4,228.47, and Michael J. Haller, Jr. in the amount of $324.02.  Costs in the amount of $250.00 are payable to Michael J. Haller, Jr.

DATED this 30th day of March, 2007.

BY THE COURT:

s/Joseph F. Bataillon  
Chief United States District Judge